**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004187
23-OCT-2014
09:12 AM**

NO. CAAP-13-0004187

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KAMALA L. ANTHONY, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CITATION NO. 3DTI-13-006391)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Fujise and Reifurth, JJ.)

Defendant-Appellant Kamala L. Anthony ("Anthony") appeals from the September 19, 2013 Notice of Entry of Judgment and/or Order ("Judgment") entered by the District Court of the Third Circuit, North and South Hilo Division ("District Court").[1]

On June 28, 2013, Anthony was stopped and ticketed by Hawaiʻi Police Department Officer Jeremy Kubojiri for failing to wear a seatbelt in violation of Hawaii Revised Statutes ("HRS") § 291-11.6 (Supp. 2013).[2] Anthony was wearing her seatbelt when

---

[1]     The Honorable Barbara T. Takase presided.

[2]     In relevant part, that statute provides that:

(a)    Except as otherwise provided by law, no person shall operate a motor vehicle upon any public highway unless the person is restrained by a seat belt assembly[.]

As used in this section:

"Restrained" means that the seat belt assembly is worn as it was designed and intended to be worn.

"Seat belt assembly" means the seat belt assembly that

Officer Kubojiri reached her driver's side window, but the parties disagree as to whether she had it on before that. Anthony maintains that she wore a seatbelt at all times.

On August 5, 2013, the District Court considered Anthony's contest to her ticket, entered judgment for the State of Hawai'i ("State"), and ordered Anthony to pay $92 in fees and other costs. Anthony then requested a trial de novo pursuant to Hawaii Civil Traffic Rules ("HCTR") Rule 19(b). A bench trial was held on September 19, 2013, and the District Court again found in favor of the State.

On appeal, Anthony claims that:

> The judgment in favor of the State of Hawaii clearly shows that the judge ignored my testimony and by doing this, the judge has ignored the express words for section 701-115(1) Hawaii Revised Statutes and denied me my constitutionally protected right to [due] process of law.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Anthony's point of error as follows and affirm:

Anthony argues that the District Court erred by "ignor[ing] the express words [of HRS] section 701-115(1)," yet fails to identify exactly how that failure was demonstrated. Presumably, Anthony refers to HRS § 701-115 in order to argue that the State failed to prove each element of the seat belt infraction "beyond a reasonable doubt" at the September 19, 2013

---

is required to be in the motor vehicle under any federal motor vehicle safety standard issued pursuant to Public Law 89-563, the National Traffic and Motor Vehicle Safety Act of 1966, as amended, unless original replacement seat belt assemblies are not readily available[.]

. . . .

(e)   A person who fails to comply with the requirements of this section shall be subject to a fine of $45 for each violation, a surcharge of $10 which shall be deposited into the neurotrauma special fund, and may be subject to a surcharge of up to $10 which shall be deposited into the trauma system special fund.

HAW. REV. STAT. § 291-11.6 (Supp. 2013).

trial.[3/]  The appropriate standard of proof for this case, however, "shall be whether, *by a preponderance of the evidence*, the court finds that the traffic infraction was committed[.]" HAW. REV. STAT. § 291D-8(3) (emphasis added).  Therefore, to succeed in making its prima facie case, the State must have provided the finder of fact at trial with enough proof to find that "the existence of the contested fact is more probable than its nonexistence." *Luat v. Cacho*, 92 Hawai'i 330, 343, 991 P.2d 840, 853 (App. 1999) (quoting *Masaki v. General Motors Corp.*, 71 Haw. 1, 14, 780 P.2d 566, 574 (1989)) (internal quotation marks omitted).

On appeal, we determine whether there was legally sufficient evidence presented at trial to support the District Court's Judgment by considering the evidence in the strongest light for the prosecution.  *State v. Maldonado*, 108 Hawai'i 436, 442, 121 P.3d 901, 907 (2005) (citations omitted).  Here, that evidence includes contradictory testimony from Anthony and Officer Kubojiri.  "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact."  *Fisher v. Fisher*, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting *In re Doe*, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001)) (internal quotation marks omitted).

In light of the standard governing our review, Officer Kubojiri's testimony that he observed Anthony driving towards him with her seat belt unbuckled and, upon stopping her, observed Anthony reaching for the buckle hanging above her left shoulder to presumably buckle it before he reached her car, constituted credible evidence of sufficient quality and probative value to enable a person of reasonable caution to find Anthony guilty of not wearing a seat belt while driving on a public highway in violation of HRS § 291-11.6.  *See Doe*, 95 Hawai'i at 196-97, 20 P.3d at 629-30 (citing *State v. Eastman,* 81 Hawai'i 131, 141, 913

---

[3/]    HRS § 701-115 is mentioned briefly in the Argument section of Anthony's Opening Brief.  That mention of the statute, however, is immediately proceeded by an inaccurate recitation of HCTR Rule 19, which Anthony presents as if it states: "[T]he prosecutor must be present at the trial and must prove the charge beyond a reasonable doubt."  No standard of proof, however, appears anywhere in the text of HCTR Rule 19.  Haw. Civ. Traffic R. 19 (2014).

P.2d 57, 67 (1996)) ("[T]he testimony of a single witness, if found by the trier of fact to be credible, will suffice" to establish substantial evidence.)

Finally, any claim of a due process violation is precluded because the District Court acted appropriately in basing its Judgment on substantial evidence.

Therefore,

IT IS HEREBY ORDERED that the September 19, 2013 Notice of Entry of Judgment and/or Order is affirmed.

DATED:  Honolulu, Hawai'i, October 23, 2014.


On the briefs:

Kamala L. Anthony,
Pro Se Defendant-Appellant.


Ryan K. Caday,
Deputy Prosecuting Attorney,
County of Hawai'i
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4